EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Maestros de Puerto Rico, et als.<br>    Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, et als.<br>    Recurridos<br>_____<br>Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros et als.<br>    Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, et als.<br>    Recurridos | 2014 TSPR 31<br><br>190 DPR ____ |

Número del Caso: CT-2014-2
                 CT-2014-3

Fecha: 6 de marzo de 2014

Comisionado Especial:

        Hon. Ángel R. Pagán Ocasio

Abogados de la Parte Peticionaria:

        Lcdo. Rafael A. Nadal Arcelay
        Lcda. Melissa López Díaz
        Lcdo. Ramón Rosario Cortés
        Lcda. Vanessa Caraballo Santiago

Abogados de la Parte Recurrida:

        Lcda. Alba L. Ortiz Morales
        Lcda. Claudia Juan García
        Lcdo. Rafael Escalera Rodríguez

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Tanaira Padilla Rodríguez
        Subprocuradora General

        Lcda. Amarilis Ramos Rodriguez
        Procuradora General Auxiliar

Materia: Certificación Intrajurisdiccional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico, et als.<br><br>        Peticionarios<br><br>            v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, et als.<br><br>        Recurridos | CT-2014-2<br>CT-2014-3 | Certificación Intrajurisdiccional |
| Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros, et als.<br><br>        Peticionarios<br><br>            v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, et als.<br><br>        Recurridos | | |

RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de marzo de 2014.

A la "Solicitud de desglose de 'escritos' y de solicitudes de determinaciones de hechos adicionales presentados por AMPR, ODAE, y EPA", la "Urgente solicitud para desglosar la nueva causa de acción del alegato de la Asociación de Maestros de Puerto Rico" y la "Moción uniéndonos a urgente solicitud para desglosar la nueva causa de acción del alegato de la Asociación de Maestros de Puerto Rico" que presentaron las partes demandadas-recurridas, no ha lugar.

Por otro lado, este Tribunal favorece la celebración de vistas orales para estar en posición óptima de decidir. Luego de analizar los alegatos presentados y fiel a la política pública de este Foro que busca garantizar la transparencia de los procedimientos judiciales, se señala una vista oral para el 26 de marzo de 2014, a las 10:00 de la mañana, conforme las Reglas 4(c) y 41 de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-B.

Según nos autoriza la Regla 41(a)(3), _supra_, disponemos que los turnos de argumentación serán los siguientes: Cada parte tendrá quince (15) minutos para argumentar su caso y cinco (5) minutos de réplica. No menos de cinco días antes de la vista, cada parte deberá informar el nombre del abogado que argumentará a su favor.

Notifíquese inmediatamente por _fax_, correo electrónico o teléfono, y por la vía ordinaria.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal. El Juez Asociado señor Estrella Martínez emitió un Voto particular de conformidad al que se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo. La Jueza Asociada señora Fiol Matta entiende que al contar con el Informe del Comisionado Especial y los numerosos y voluminosos escritos de las partes no es necesario convocar una vista oral para la adjudicación de este caso. Sin embargo, siendo este el criterio de la mayoría, considera que no se debería aplazar la celebración de la vista oral hasta el 26 de marzo, conforme al compromiso que hiciéramos de atender el caso con premura. En cuanto a la decisión de limitar los turnos de argumentación a quince minutos, la Jueza Asociada señora Fiol Matta no intervino. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto particular disidente. El Juez Presidente señor Hernández Denton no intervino. El Juez Asociado señor Feliberti Cintrón está inhibido.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico, *et al.*<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et al.*<br><br>Recurridos | CT-2014-2 | Certificación Intrajurisdiccional |
| Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí y en representación de sus miembros, *et al.*<br><br>Peticionarios<br><br>v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et al.*<br><br>Recurridos | Cons.<br><br>CT-2014-3 | |

Voto particular de conformidad emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se unen la Jueza Asociada SEÑORA PABÓN CHARNECO y el Juez Asociado SEÑOR KOLTHOFF CARABALLO

San Juan, Puerto Rico, a 6 de marzo de 2014.

Estoy conforme y plenamente satisfecho con que este Tribunal haya descargado su responsabilidad al declarar No Ha Lugar sendas solicitudes del Estado Libre Asociado de Puerto Rico y el Sistema de Retiro para Maestros (Gobierno de Puerto Rico).

En una de esas solicitudes, la Procuradora General del Estado Libre Asociado de Puerto Rico y la representación legal del Sistema de Retiro para Maestros señalan que: "[d]e ninguna manera minimizamos la importancia de las labores de la clase magisterial y tampoco ignoramos sus aportaciones a nuestra sociedad. Por el contrario, aplaudimos su gesta diaria y reconocemos su gran valor para el desarrollo integral de nuestro pueblo". Véase, *Urgente solicitud para desglosar la nueva causa de acción del alegato de la Asociación de Maestros de Puerto Rico*, a la pág. 8.

Precisamente, por eso estoy conforme también con celebrar una Vista en este caso, para que esas palabras, el derecho y la acción estén entrelazados y sujeten firmemente los fundamentos que eventualmente adopte este Tribunal.

Para que ello ocurra, no podemos pretender obviar el tracto de los eventos gubernamentales que enmarcan esta controversia. Es por esto que no puedo avalar la pretensión del Gobierno de Puerto Rico de que resolvamos esta controversia, sin tomar en consideración las propuestas contenidas en el Informe del Comité de Diálogo. Obviar las palabras y las acciones acontecidas en el referido Comité de Diálogo, las cuales desembocaron en el Informe Final rendido, presentado ante las Cámaras Legislativas y otras entidades públicas, constituiría claudicar a mi deber de tomar conocimiento de información preparada por funcionarios públicos que responden al Pueblo de Puerto Rico, máxime cuando nuestro ordenamiento lo permite hasta en etapa apelativa.

**Resulta un contrasentido que el Gobierno de Puerto Rico solicite a la Rama Judicial que tome conocimiento de documentos emitidos por casas acreditadoras, pero objete que tomemos conocimiento de las acciones gubernamentales de sus propios representantes ante el Comité de Diálogo.**

La celebración de una Vista y la consideración de las realidades anteriormente mencionadas abonarán a que las palabras, el diálogo previo y las acciones se entrelacen para que aflore la verdad y la razonabilidad y no para convertirse en una soga que estrangule nuestra Constitución.

Luis F. Estrella Martínez
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Maestros de Puerto Rico, *et als.*<br><br>    Peticionarios<br><br>    v.<br><br>Sistema de Retiro para Maestros de Puerto Rico, *et als.*<br><br>    Recurridos<br>────────────────<br>Educadores/as por la Democracia, Unidad, Cambio, Militancia y Organización Sindical, Inc., por sí en representación de sus miembros, *et als.*<br><br>    Peticionarios<br><br>    v.<br><br>Sistemas de Retiro para Maestros de Puerto Rico, *et als.*<br><br>    Recurridos | CT-2014-2<br>CT-2014-3 | Certificación Intrajurisdiccional |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 6 de marzo de 2014

La decisión que hoy toma una mayoría de este Tribunal deja en manifiesto la manera desacertada en que se han atendido los reclamos de todas las partes en esta controversia. Por las mismas razones que esgrimí en mi Voto Particular Disidente a la Resolución que certificó este Tribunal el 11 de febrero de 2014, hoy me veo

obligada a disentir del curso seguido por una mayoría de este Tribunal.

Ordenar la celebración de una vista oral — **sin que parte alguna la solicite o se exprese sobre su conveniencia, deseabilidad y los posibles efectos de dicho proceder** — demuestra que esta controversia nunca debió certificarse. Una vez más, "[m]e reafirmo en que nada impide que esta controversia sea atendida adecuadamente por el foro primario conforme al trámite ordinario y que allí se emitan, con carácter profiláctico, las órdenes que el foro estime pertinente." Rodríguez Rodríguez, Voto Particular Disidente, Resolución del 27 de enero de 2014. Como demuestra la labor encomiable del Juez Ángel Pagán Ocasio, quien cumplió con el calendario inicial que estableció este Tribunal y declinó ejercer la prerrogativa que le otorgó una mayoría de que "nos informe cuánto tiempo adicional necesita[ba] para realizar su encomienda", este caso podía manejarse más eficientemente y con la premura que amerita a través de un procedimiento expedito en el Tribunal de Primera Instancia. Resolución del Tribunal Supremo de Puerto Rico de 27 de enero de 2014, en las págs. 2-3. Sin embargo, en vez de contar con un expediente robusto que nos coloque en posición de ejercer nuestra facultad como tribunal apelativo de última instancia, nos vemos forzados a improvisar un curso de acción sumamente ineficaz para un tribunal colegiado.

Tan es así, que en esta etapa de los procedimientos resta por adjudicar la admisibilidad de la evidencia documental presentada por las partes y recogida en el Informe del Comisionado Especial. Informe del Comisionado Especial, nota al calce 12, en la pág. 38.

El Hon. Comisionado Especial Ángel Pagán Ocasio rindió su informe el 7 de febrero de 2014. Todas las partes han presentado sus escritos de acuerdo al calendario indulgente que concedimos en exceso a la solicitud de la propia Asociación. Consecuentemente, celebrar una vista oral — **que no ha sido solicitada por parte alguna** —siete semanas luego de recibir el informe del Comisionado Especial y tres semanas luego de recibir los alegatos de las partes, en nada abona a la pronta solución de esta controversia, razón cardenal por la que una mayoría de este Tribunal ordenó el trámite expedito "[d]ada la pronta atención que requiere este caso". Resolución del Tribunal Supremo de Puerto Rico de 14 de enero de 2014, en la pág. 1. No quisiera pensar que la intención de este proceder es intentar leer las hojas de té en búsqueda de algún auguro sobre el futuro de esta Curia.

Por los fundamentos anteriores, disiento del proceder mayoritario.


                          Anabelle Rodríguez Rodríguez
                                Juez Asociada